IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT W. AVERY                                                        PLAINTIFF

V.                            CASE NO. 5:16-CV-5169

SHERIFF HELDER, Washington County,
Arkansas; MAJOR RANDALL DENZER;
SERGEANT FULLER; SERGEANT MORSE;
SERGEANT ARNOLD; LANDON (first name &
position unknown); EAST (first name & position
unknown); ARAMARK CORRECTIONAL SERVICES,
LLC; JOHN DOE AND JANE DOE,
Employees of ARAMARK; CHIEF MIKE
PETERS, Springdale Police Department; PATROLMAN
MOTSINGER; TWO JOHN DOE TRANSPORTATION
OFFICERS; and CORPORAL MULVANEY                DEFENDANTS

## OPINION AND ORDER

This is a civil rights suit filed by the Plaintiff, Robert Avery, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is presently incarcerated in the Delta Regional Unit of the Arkansas Department of Correction. However, he was incarcerated in the Washington County Detention Center ("WCDC") at all times relevant to this complaint.

Currently pending before the Court is a Motion to Dismiss (Doc. 32) filed by Aramark Correctional Services, LLC. Plaintiff did not respond to the Motion, but it is now ripe for decision.

### I. BACKGROUND

Plaintiff alleges that Aramark has failed to provide him with a diet with sufficient

nutrition and calories to maintain his health. He alleges the food is substandard, the menu protein deficient, and the portion sizes are inadequate. As a result, he states he is hungry, has been losing weight and muscle mass, and has been suffering mental anguish.

On days that commissary is ordered, he alleges the portions are even smaller. He asserts the reason for this is that Aramark profits from commissary sales. Further, he alleges the prices charged for commissary items are exorbitant.

When he was booked in, Plaintiff alleges he notified WCDC personnel that he was vegetarian. Despite this, he alleges Aramark has denied him a vegetarian diet.

Finally, Plaintiff alleges the food handling and service does not comply with safe food handling procedures. He notes that the food trays are placed on a flat cart and not in a hot box. He indicates the food sits before serving and is not maintained at an adequate temperature.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or

reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (while *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

### III. DISCUSSION

Aramark maintains the complaint as against it should be dismissed for the following reasons: (1) the lack of physical injury bars the case; (2) the complaint fails to allege facts showing that Plaintiff is entitled to relief; (3) Plaintiff failed to show that he exhausted his administrative remedies; and (4) Plaintiff has failed to allege that Aramark acted under color of law or violated any of his constitutional rights. Each argument will be addressed in turn.

#### A. Lack of Physical Injury

Aramark maintains the complaint should be dismissed because Plaintiff did not allege that he suffered any physical injuries as required by the Prison Litigation Reform Act ("PLRA"). Codified as 42 U.S.C. § 1997e(e), section 803(d) of the PLRA provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Defendant's argument is without merit for two reasons. First, this provision limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (physical injury requirement of the PLRA "limit[s] recovery for mental or emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages);*see also Pool v. Sebastian Cnty.*, 418 F.3d 934, 942 n.2 (8th Cir. 2005) (Section

1997e(e) presents an issue of damages under the PLRA). Second, Plaintiff has alleged that he is losing weight and muscle mass. At this procedural stage of the proceeding, these allegations are sufficient for purposes of the PLRA's physical injury requirement.

## B. Failure to State a Claim

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have a right to nutritionally adequate food); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980) (prisoners are guaranteed a reasonably adequate diet). To prevail on an Eighth Amendment claim Plaintiff must show Aramark was deliberately indifferent to his dietary needs.

Aramark argues that it merely provides the meals ordered by the WCDC and has no responsibility for selecting specialized meals for individual inmates. Indeed, it argues that as a mere food service company it cannot determine if an individual inmate needs, or prefers, a specialized diet. Aramark asserts there are administrative procedures at the WCDC, that provide that only certain individuals are authorized to dictate that a detainee receive a specialized diet.

At this stage in the litigation, the Court cannot determine what contractual rights exist between Aramark and the WCDC or what administrative procedures are in place, this would require recourse to information not before the Court. The Court has no information regarding what authority Aramark has at the WCDC. Aramark may, of course, raise this argument again in a properly supported motion for summary judgment. At this procedural stage, Plaintiff has stated a plausible claim against Aramark.

### C. Exhaustion of Administrative Remedies

The PLRA at 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n.2 (8th Cir. 2007).

Aramark asserts that the complaint does not refer to any alleged grievances or other administrative processes in the part of the complaint concerning it. It argues that Plaintiff does not attach copies of his grievances, does not reference the content of the grievances, and does not allege that the grievances involved Aramark. Aramark asserts that it independently searched its grievance records and found no grievances relating to food not being transported on a hot cart or an intentional effort to deprive inmates of nutrition to drive up commissary sales. It did, however, locate grievances dealing with Plaintiff's request for a vegetarian diet and his allegation that the diet was deficient in protein. With

respect to the request for a vegetarian diet, Aramark states it does not appear Plaintiff presented his grievance to the WCDC medical staff services.

At this procedural stage, Aramark's arguments are without merit. Plaintiff has alleged that he exhausted his administrative grievances by submitting grievances on the kiosk at the WCDC. At this stage, these allegations are sufficient. As noted above, failure to exhaust is an affirmative defense.

### D. Under Color of State Law

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Aramark maintains the Plaintiff has failed to allege facts showing that it acted under color of state law. Aramark argues it acted solely as a private corporation. It argues that a private corporation that contracts with the state to perform services does not automatically become a state actor for purposes of 1983.

The only information before the Court is that Aramark contracted to be the food supplier for the WCDC. This Court has, on a number of occasions, determined that Aramark, working pursuant to a contract, acts under color of state law in providing meals to prisoners. *See e.g., Whitney v. Morse*, 2014 WL 7339140 (W.D. Ark. Dec. 23, 2014); *Mozden v. Helder*, 2014 WL 2986711 (W.D. Ark. July 2, 2014); *Wilmoth v. Aramark Corr. Servs., LLC,* 2012 WL 4472147 (W.D. Ark. Aug. 16, 2012); *Setzer v. Aramark Corr. Servs.,*

2011 WL 7071078 (W.D. Ark. Nov. 22, 2011); *Jones v. Helder*, 2011 WL 1193733 (W.D. Ark. Mar. 29, 2011).

In *Wilmoth* this Court stated:

In *West v. Atkins*, 487 U.S. 42, 57 (1988), the Supreme Court concluded that a physician under contract to provide medical services to inmates at a state prison was a state actor because his function could fairly be held attributable to the state. The same reasoning applies here. Benton County has a constitutional obligation to provide nutritionally adequate meals to the inmates of the BCDC. Benton County has delegated this obligation to ARAMARK and ARAMARK contractually assumed this obligation.

2012 WL 4472147, *5; *see also Sutton v. City of Philadelphia*, 21 F. Supp. 3d 474 (E.D. Penn. 2014) (Aramark considered state actor because it performs a function that is traditionally exclusively a government function); *Jenkins v. Stutsman Cnty. Corr. Ctr. Com'r Chairman*, 2015 WL 1458158 (D. N.D. Mar. 30, 2015) ("CBM has contractually assumed [the prison's] constitutional obligation to provide nutrition to inmates . . . and CBM is therefore a government actor for purposes of § 1983 liability"); *Dotson v. Shelby Cnty.*, 2014 WL 3530820 (W.D. Tenn. July 15, 2014) (holding Aramark acted under color of state law in contracting to provide food service); *Pagan v. Westchester Cnty.*, 2014 WL 982876 (S.D.N.Y. Mar. 12, 2014) (Aramark has contracted to perform the governmental function of providing nutritionally adequate food to prisoners in Westchester County); *Williams v. Gloria*, 2013 WL 3982348 (E.D. Pa. Aug. 2, 2013) ("Aramark was acting under color of state law in the preparation of food for inmates"); *Jubeh v. Dart*, 2011 WL 6010267 (N.D. Ill. Nov. 29, 2011) (Aramark acted under color of state law); *Drennon v. ABL*, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006) (finding a food service contractor at a correctional facility to be acting under color of law). The same reasoning applies to this case.

## IV. CONCLUSION

For the reasons stated, Aramark's Motion to Dismiss (Doc. 32) is **DENIED**.

**IT IS SO ORDERED** on this 28th day of February, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE